IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| EDDIE FRANK FLOYD III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-061 |
| | ) | |
| DOUG WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP").

**I.  Background**

In an Order dated August 14, 2025, the Court directed Plaintiff to submit a new motion to proceed IFP, or pay the full filing fee, within twenty-one days.  (Doc. no. 4, pp. 1-2.) Because of pleadings deficiencies in the original complaint, the Court also directed Plaintiff to submit an amended complaint within twenty-one days to cure those deficiencies and provided instructions for amending.  (See id. at 4-6.)

The Court provided Plaintiff with a blank IFP motion and complaint form.  (Doc. nos. 4-1, 4-2.)  The Court likewise provided specific instructions regarding the information that must be included in the new IFP motion, (doc. no. 4, p. 2), as well as specific instructions for amending the complaint, (see id. at 5-6.)  The Court cautioned Plaintiff that failing to submit a timely amended complaint, in addition to a new IFP motion or full filing fee, would result in

a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action. (Id. at 6, 7.)

Plaintiff has not responded to the Court's August 14th Order.

## II. Discussion

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff did not respond to, let alone comply with, the Court's August 14th Order. Plaintiff's inaction amounts not only to a failure to prosecute, but also an abandonment of his case. The time to respond has passed, and Plaintiff has not paid the filing fee, submitted a new

2

motion to proceed IFP, or submitted an amended complaint as required.  Accordingly, the case should be dismissed without prejudice.

### III.    Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of September, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA